James P. Gutierrez, Esq. (SBN 240439)
**Gutierrez Law Firm**
301 W. Mission Blvd., Suite 8
Pomona, California 91766
(909) 909-791-1313 / (909) 791-1314 fax
jpsglaw@gmail.com

Attorneys for Plaintiff
JORGE HERNANDEZ. JASON HERNANDEZ,
TERESA HERNANDEZ and JORGE HERNANDEZ-TRINIDAD

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE HERNANDEZ ROJAS, JASON HERNANDEZ, TERESA HERNANDEZ and JORGE HERNANDEZ-TRINIDAD,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA ANA; DOE OFFICERS 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. Violation Of Fourth Amendment Rights - Unlawful Seizure Of Person<br>2. Violation of Fourth Amendment Rights – Unlawful Entry and Search of Private Residence<br>3. Municipal Liability – Failure to Train and/or Discipline;<br><br>**JURY TRIAL DEMANDED** |

**COMES NOW** Plaintiffs JORGE HERNANDEZ. JASON HERNANDEZ, TERESA HERNANDEZ and JORGE HERNANDEZ-TRINIDAD and shows this honorable court the following:

COMPLAINT FOR DAMAGES
1

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

4. Plaintiff JORGE HERNANDEZ ROJAS, hereinafter referred to as "JORGE SR.", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California.

5. Plaintiff JASON HERNANDEZ, hereinafter referred to as "JASON", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California.

6. Plaintiff TERESA HERNANDEZ, hereinafter referred to as "TERESA", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California.

7. Plaintiff JORGE HERNANDEZ-TRINIDAD, hereinafter referred to as "JORGE JR.", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California. The above-named Plaintiffs will hereinafter be referred to collectively as the "PLAINTIFFS" and "Plaintiffs".

8. Defendant City of Santa Ana, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

9. Defendants DOE OFFICERS 1 through 6, inclusive, are sworn peace officers and / or deputy sheriffs and/or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Santa Ana Police Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend her complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

10. At all times complained of herein, DOE OFFICERS 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Los Angeles Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

11. Defendants DOE OFFICERS 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or

COMPLAINT FOR DAMAGES

3

Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Santa Ana Police Department and/or defendant City of Santa Ana, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Santa Ana Police Department for, *inter alia*,: 1) for unlawfully seizing persons; 2) for unlawfully entering private residences; 3) fabricating evidence; and 4) covering up tortious conduct by Santa Ana Police Department peace officers.

12. At all times complained of herein, DOE OFFICERS 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Santa Ana Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

13. At all times complained of herein, defendants DOE OFFICERS 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Santa Ana Police Department and/or otherwise with defendant CITY[1].

14. Plaintiffs are presently unaware of the identities of DOE OFFICERS 1 through 10, inclusive, and will amend their complaint to add and to show the actual names of said DOE officer defendants, when made known to plaintiffs.

15. In addition to the above and foregoing, DOE OFFICERS 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiffs of her federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

16. Defendants DOE OFFICERS 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiffs of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States

---

[1] Such as a CITY executive officer.

COMPLAINT FOR DAMAGES

5

(Constitutional and statutory) law and California (Constitutional and statutory) state law.

17. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiffs' federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights -**
**Unlawful / Unreasonable Seizure of Person**
**(Against DOE OFFICERS 1 through 6, inclusive)**

18. Plaintiffs hereby reallege and re-incorporate by reference the allegations set forth in paragraphs 1 through 6 inclusive, above, as if set forth in full herein.

19. On or about November 14, 2021, at approximately 11:19 p.m., JASON, TERESA and JORGE SR. were sound asleep, at their home, at 2302 N. Linwood St., Santa Ana, CA 92205. JORGE JR. was awake, at his home, at 2302 N. Linwood St., Santa Ana, CA 92705.

20. Two Santa Ana Police Officers, hereinafter referred to as "DOE OFFICERS", came to Plaintiff's home, asking for Jason's girlfriend, Stephanie Garcia, hereinafter referred to as "STEPHANIE". Prior to DOE OFFICERS' arrival, two other individuals, hereinafter referred to as "STEPHANIE's BROTHERS", came to Plaintiff's home.

21. STEPHANIE's BROTHERS knocked on the Plaintiff's door and rang the doorbell multiple times. JORGE JR. spoke to STEPHANIE's brothers, from his balcony, and told them to leave his home. JORGE JR., prior to this date, had never known STEPHANIE nor did he have knowledge that STEPHANIE was inside the Plaintiff's home.

22. STEPHANIE's BROTHERS refused to leave and instead called for emergency services from the Santa Ana Police Department.

23. The DOE OFFICERS spoke to JORGE JR., who remained on his balcony. JORGE JR. reiterated to the DOE OFFICERS that he had no knowledge of STEPHANIE.

24. JORGE JR. informed the DOE OFFICERS, that he is an Attorney at Law and that he knows his rights. JORGE JR. reminded them that they needed a warrant to enter the premises.

25. One of the two DOE OFFICERS 1 through 6, reported to their Commander that he heard screaming coming from inside the house. At no point in time was there screaming coming from inside the Plaintiff's home.

26. The DOE OFFICERS 1 through 6, then demanded entry without a warrant.

27. JASON, who had awakened, opened the front door to the house. The DOE OFFICERS 1 through 6, immediately seized and detained JASON outside of the front door. DOE OFFICERS 1 through 6, handcuffed JASON.

COMPLAINT FOR DAMAGES
7

28. JORGE JR. came down from the balcony to the front door and remained at the front entrance of the door. JORGE JR. did not allow entry into his home.

29. DOE OFFICERS 1 through 6, waited for more officers to arrive at Plaintiff's home. When more officers arrived, DOE OFFICERS 1 through 6, pushed their way inside Plaintiff's home, without JORGE'S consent, and without exigent circumstances / an emergency or a warrant.

30. The DOE OFFICERS 1 through 6, escorted JORGE SR. and TERESA outside of Plaintiff's home and handcuffed JORGE SR. Inside Plaintiff's home, DOE OFFICERS 1 through 6, handcuffed JORGE JR. and escorted him outside of Plaintiff's home. All the Plaintiffs, except for TERESA, were handcuffed and placed into individual Santa Ana Police Department patrol cars.

31. DOE OFFICERS 1 through 6, located STEPHANIE, asleep, inside JASON's bedroom. They asked STEPHANIE a few questions. They then instructed STEPHANIE to go home with her brothers, who had been standing outside Plaintiff's home.

32. One of the DOE OFFICERS 1 through 6, first released JORGE JR. from the patrol car and informed him that he was no longer detained. JORGE JR. stated he was not going to be answering any questions from them and began to return to his home. At this time, one of the DOE OFFICERS 1 through 6, informed him that he was not allowed to leave until he answered their questions.

33. One of the DOE OFFICERS 1 through 6, then released JORGE SR. but refused to release JASON until they got more information from JORGE JR., JORGE SR. and TERESA.

33. JORGE JR. then informed one of the DOE OFFICERS 1 through 6, that he was not going to be answering any questions and to immediately release JASON.

34. At some time after 12:00 a.m. on November 15, 2021, DOE OFFICERS 1 through 6, released JASON without receiving additional information from JORGE SR., JORGE JR. and TERESA. They then allowed Plaintiff's to return back to their home.

35. As complained of herein above, none of the Defendants to this action had a warrant to search the Plaintiff's home, nor probable cause to believe that the Plaintiff's had committed a crime, nor reasonable suspicion that the Plaintiff's were a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by the Plaintiffs.

36. Accordingly, the seizure and detention of the Plaintiffs by Defendants OFFICER DOES 1 through 6, inclusive, by use of force, constituted an unlawful and unreasonable seizure and detention of the Plaintiffs, in violation of his rights under the Fourth Amendment to the United States Constitution.

37. As a direct and proximate result of the actions of Defendants OFFICER DOES 1 through 6, inclusive, as complained of herein: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological

costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $4,000,000.00.

38. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of the Plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $4,000,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights –**
**Unreasonable / Unlawful Entry Into and Search and**
**Seizure of Private Residence**
**(Against DOE OFFICERS 1 through 6, inclusive)**

39. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 39, inclusive, above, as if set forth in full herein.

40. As shown above, defendants DOE OFFICERS 1 to 6, inclusive, entered the plaintiff's curtilage and home without a warrant, consent, an emergency or any other legal justification.

41. The actions of defendants DOES OFFICERS 1 to 6, inclusive, complained of in this action in entering, searching and seizing plaintiff's enclosed patio area and home, constituted an unlawful and unreasonable entry into and seizure of the residence in the absence of a warrant, consent, or an emergency, in violation

of the plaintiff's rights to be free from such entry, search and seizure of plaintiff's home / property under the Fourth Amendment to the United States Constitution.

42. As a direct and proximate result of the actions of Defendants DOES OFFICERS 1 to 6, inclusive, plaintiffs were: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $4,000,000.00.

43. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $4,000,000.00 for each defendant, save CITY.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**FEDERAL CLAIM FOR FAILURE TO PROPERLY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE**
(Against Defendant CITY)

44. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 45, inclusive, above, as if set forth in full herein.

45. As complained of herein above, the acts of defendants DOE OFFICERS 1 through 6, deprived plaintiff of his rights under the laws of the United States and The United States Constitution.

46. The training policies of CITY were not adequate to train its police officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted plaintiff, including training on: 1) when peace officers are lawfully permitted to enter and search a residence; 2) when peace officers are lawfully permitted to take residents of private residences out of their private homes; 3) when peace officers may seize and detain individuals; and 4) that seizing private residences in the absence of a warrants is unlawful.

47. CITY was deliberately indifferent to the obvious consequences of its failure to train its police officer employees adequately.

48. The failure of CITY to provide adequate training caused the deprivation of plaintiff's rights by defendants DOE OFFICERS 1 through 6, inclusive.

49. CITY's failure to train is closely related to the deprivation of plaintiff's rights as to be the moving force that ultimately caused plaintiff's injuries.

50. As a direct and proximate result of the actions of defendants as complained of herein, Plaintiffs: 1) were substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees,

investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $4,000,000.00.

**WHEREFORE**, the plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $4,000,000.00;

b) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $4,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

*/S/ James P. Gutierrez*_____
JAMES P. GUTIERREZ, ESQ.